**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Richard Edward Dodge, | ) | |
| | ) | |
| Petitioner, | ) | **ORDER DIRECTING THE PARTIES** |
| | ) | **TO EXPAND THE RECORD** |
| vs. | ) | |
| | ) | |
| James Sayler, Warden, | ) | Case No. 1:20-cv-184 |
| | ) | |
| Respondent. | ) | |

Before the Court is a Motion to Dismiss Section 2254 Petition filed by the Respondent on November 13, 2020. Judge Traynor has referred the motion to the undersigned Magistrate Judge for consideration. For the reasons that follow, I shall require the parties to expand the record and in so doing address the issue of equitable tolling.

I.   **BACKGROUND**

On August 31, 2016, Dodge entered Alford pleas in state district court to the following five offenses: felonious restraint, terrorizing, robbery, criminal conspiracy, and carrying a concealed weapon or firearm. See Doc. No. 10-3; see also Dodge v. State, 2020 ND 100, ¶¶ 6-7, 942 N.W.2d 478. That same day the state district court imposed sentences of 70 months imprisonment for the robbery conviction, concurrent sentences of 30 months imprisonment for the felonious restraint, terrorizing, and criminal conspiracy convictions, and time served for his concealed weapon or firearm conviction. See Doc. No. 10-3

Dodge neither directly appealed his conviction and sentence to the North Dakota Supreme Court nor petitioned the United States Supreme Court for a writ of certiorari. See Doc. No. 1; see also Dodge, 2020 ND 100, ¶ 8, 942 N.W.2d 478.

On April 16, 2018, Dodge filed an application for post-conviction relief with the state district court. <u>See</u> Doc. No. 10-5. The state district court dismissed the application on September 12, 2019. <u>See</u> Doc. Nos. 1 and 10-5. Its decision was affirmed by the North Dakota Supreme Court in a decision filed on May 7, 2020. <u>See</u> <u>Dodge</u>, 2020 ND 100, ¶24, 942 N.W.2d 478.

Meanwhile, on October 9, 2020, Dodge filed a "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" with this Court. He asserts the following grounds for relief: (1) ineffective assistance of counsel; (2) "coerced by attorney and court officials into entering a guilty plea"; (3) "plea not knowingly or intelligently made"; and (4) "denial of right to a direct appeal by NDSP." (Doc. No. 1).

On November 13, 2020, the Respondent filed a motion to dismiss Dodge's petition on the grounds that it is timed-barred. (Doc. No. 9). More than 30 days have since passed and Dodge has not filed a response. <u>See</u> D.N.D. Civ. L.R. 7.1(A)(1) ("The adverse party has twenty-one (21) days after service of the memorandum in support to serve and file a response subject to the same page limitations."); <u>see</u> <u>also</u> D.N.D. Civ. L.R. 7.1(F) ("An adverse party's failure to serve and file a response to the motion may be deemed an admission that the motion is well taken.").

## II.   <u>GOVERNING LAW</u>

### A.   Scope of review

Under 28 U.S.C. § 2254, a federal court may review state-court criminal proceedings to determine whether a person is being held in custody in violation of the United States Constitution or other federal law. However, where the state court has adjudicated the federal claim on the merits, this court's review is limited by 28 U.S.C. § 2254(d) to a determination of whether the state court's decision is (1) directly contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court or (2) based on an unreasonable

determination of the facts based on the evidence presented in the state court proceeding.  See 28 U.S.C. § 2254(d); see generally Harrington v. Richter, 562 U.S. 86, 97-100 (2011) ("Richter"); Williams v. Taylor, 529 U.S. 362, 399-413 (2000).  This highly deferential standard of review is often referred to as "AEDPA deference" because it was enacted by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  E.g., Pederson v. Fabian, 491 F.3d 816, 824-25 (8th Cir. 2007); see generally Renico v. Lett, 559 U.S. 766, 773 n.1 (2010).  The reasons for the limited review are ones of federalism and comity that arise as a consequence of the state courts having primary responsibility for ensuring compliance with federal law in state criminal proceedings.  See, e.g., Richter, 562 U.S. at 103.

**B.    Statute of Limitations**

A habeas petition must be filed in a timely manner. Title 28 U.S.C. § 2244(d)(1), enacted as part of AEDPA, imposes a one-year time limit for filing a habeas corpus petition.  This one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).  However, it does not run during pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim . . . ."  28 U.S.C. § 2244(d)(2).  A tardy state post-conviction application does not constitute "a

properly filed application" within the meaning of § 2244(d)(2).  Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (concluding, "[b]ecause the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); see also Allen v. Siebert, 552 U.S. 3, 4-5 (2007) (concluding "[b]ecause Siebert's petition for state postconviction relief was rejected as untimely by the Alabama courts, it was not 'properly filed' under § 2244(d)(2). Accordingly, he was not entitled to tolling of AEDPA's 1-year statute of limitations.").

## III.  **DISCUSSION**

The sole issue presented by the Respondent's current motion is whether Dodge's § 2254 petition is untimely under § 2244(d)(1).  The Respondent argues that the petition is untimely because more than one year lapsed between the date that Dodge's conviction became final and the date on which Dodge filed his petition with this court. The Respondent also argues that § 2244(d)(2), which excludes the time period during which a properly filed state post-conviction proceeding is pending, has no application here because the limitations period lapsed before Dodge filed his applications for post-conviction relief in state district court.

For state prisoners who seek direct review by the United States Supreme Court, "the judgment becomes final at the 'conclusion of direct review'—when [the] Court affirms a conviction on the merits or denies a petition for certiorari."  Gonzalez v. Thaler, 132 S. Ct. 641, 653 (2012).  For all other state prisoners, "the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in [the United States Supreme] Court, or in state court, expires."  Id. at 653-54.

As noted above, Dodge did not directly appeal his conviction and sentence.  Consequently, his conviction was final for AEDPA purposes on or about September 30, 2016, when his deadline

for filing a direct appeal with the North Dakota Supreme Court expired.  See N.D.R. App. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed with the clerk of the supreme court within 30 days after the entry of the judgment or order being appealed.).  He thereafter had one year in which to file a petition for habeas corpus relief.  He did not.  Almost nineteen months lapsed before he filed his application for post-conviction relief with the state district court.

As the Respondent has pointed out, § 2244(d)(2) has no real application in this case; Dodge's state application for post-conviction relief does not toll the limitations period as it was filed well after the limitations period had lapsed.

This does not end the court's analysis, however.  The merits of a habeas petition that is not timely filed may be considered if the petitioner establishes that they are entitled to equitable tolling of the statute of limitations. See Holland v. Fla., 560 U.S. 631, 645 (2010) (holding that 2244(d) is subject to tolling in appropriate cases).

To be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (emphasis deleted)); see also Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) (opining that equitable tolling is only proper, however, "when there exist extraordinary circumstances beyond a prisoner's control that made filing a timely petition impossible or when the Respondent's conduct has lulled the petitioner into inaction" and that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes."); Gresham v. Capello, 489

Fed. App'x 930, 932 (6th Cir. 2012) (stressing the petitioner bears the burden of persuading the court of his entitlement to equitable tolling).

Presumably in anticipation that the timing of his petition would be an issue, Dodge alleges at the close of his petition that the limitations period for filing a habeas petition should be equitably tolled in his case because he was sabotaged and deprived of the means of pursuing timely post-conviction relief by correctional officers at the North Dakota State Penitentiary. Specifically, he asserts:

> The actions of the North Dakota State Penitentiary clearly fall under 28 U.S.C. 2244(d)(1)(B) as an "impediment to filing an application created by State action in violation of the constitution or laws of the United States." The NDSP obstructed my direct appeal from 9/9/2016 until March 2017. The NDSP obstructed my post-conviction relief application from March 2017 to April 2018 for the purpose of running out my time limit for filing Habeas Corpus in a Federal Court. In April 2018 I was informed by Nathan Erickson and Randy McGonigal that they would now allow me to file for PRC. I began working on my writ of habeas corpus prior to my PRC hearings in 2019 to due to obvious corruption, malfeasance and malpractice that was taking place. Throughout my incarceration the NDSP has altered, read, obstructed, copied, deleted, and/or distributed to third-parties all of my legal mail and other legal documents. I was regularly subjected to staff solicited attacks and harassment while working on the law library in 2016-18. Legal documents, including PCR and 2254 petitions, have been routinely stolen from my cell by Nathan Erickson, Randy, McGonigal, and third parties not associated with the prison. These criminal acts by NDSP staff are committed completely without consequence. There are no internal administrative remedies available to address or document these types of situations.
>
> I DO NOT wish to proceed with any court proceedings until the impediment caused by the NDSP staff members who have accepted solicitations from third parties to sabotage my legal work is removed by my release from prison in January 2021. I will still be under a State sentence of two years supervised probation with an additional 15 years in prison available for resentencing after my release.

Doc. No. 1 (emphasis in original).

Notably, the Respondent has not explicitly disputed Dodge's alleged external impediment to pursuing post-conviction relief or otherwise asserted that the Dodge's particular circumstances are not so extraordinary so as to warrant equitable tolling.

A number of courts have recognized that the deprivation of legal materials is the type of external impediment for which equitable tolling may be granted.  See e.g., Dickershaid v. Martel, 648 Fed App'x 618, 620 (9th Cir. 2016) ("The intentional confiscation of a prisoner's habeas corpus petition and related legal papers by a corrections officer is an "extraordinary circumstance" for which we grant equitable tolling."); Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000) ("The intentional confiscation of a prisoner's habeas corpus petition and related legal papers by a corrections officer is "extraordinary" as a matter of law."); cf. United States v. Gabaldon, 522 F.3d 1121, 1126 (10th Cir. 2008) (finding that the complete confiscation of petitioner's legal materials just weeks before his deadline to file § 2255 petition could constitute extraordinary circumstances for the purposes of equitable tolling).  Something more than a conclusory allegation is required, however. See e.g. Paulcin v. McDonough, 259 F. App'x 211, 213 (11th Cir. 2007) (opining that a petitioner's "transfer to county jail and denial of access to his legal papers and the law library did not constitute extraordinary circumstances" where he "asserted only the conclusory allegation that he was denied access to the library and his records, but failed to allege how his inability to obtain legal materials thwarted his efforts to file a timely federal proceeding."); Everson v. Kansas Dept. of Corr., 232 Fed. App'x 815, 817 (10th Cir. 2007) (Petitioner's failure to allege specific facts as to how lack of access to legal resources impeded his ability to timely file a claim rendered it insufficient to show entitlement to equitable tolling); Lopez v. Sec'y, Dep't of Corr., No. 8:10-CV-2699-T-30TGW, 2010 WL 5140747, at *1 (M.D. Fla. Dec. 13, 2010) (concluding that a petitioner's conclusory assertion that he did not have access to his legal materials for a lengthy period of time did not entitle him to equitable tolling).

Dodge has asserted that the misconduct of correctional officers impeded his ability to timely pursue post-conviction relief.  Mindful that pro se filings are to be construed liberally, see

Mellott v. Purkett, 63 F.3d 781, 784 n.4 (8th Cir. 1995), and that Dodge's assertions regarding misconduct by correctional officers are at this point uncontested, this court cannot on the present record definitely conclude that the doctrine of equitable tolling is inapplicable in this instance.

## IV.   <u>CONCLUSION</u>

The Court, in its discretion and pursuant to the Rules Governing Section 2254 Cases in the United States District Courts, directs the parties to expand the record by submitting additional materials relating to the petition. <u>See</u> Rule 7 Governing Section 2254 Cases in the United States District Courts; <u>see</u> <u>also</u> <u>Valverde</u>, 224 F.3d at 135.  The Respondent shall have until February 1, 2021, to file supplement his motion and otherwise address equitable tolling and Dodge's asserted entitlement to it.  Dodge shall have until February 26, 2021, to file a response to any supplemental material filed by the Respondent.

Dated this 16th day of December, 2020.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court